UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DIANNE CHARLES | CIVIL ACTION NO. 13-CV-2914 |
| VERSUS | JUDGE DOHERTY |
| JOSE PINEDA, ET AL | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

In her Complaint for Damages, Plaintiff Dianne Charles has asserted that this Court has jurisdiction over the captioned action because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000. Under 28 U.S.C.A. § 1332, federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. The person seeking to invoke federal court jurisdiction has the burden of proof of demonstrating, at the outset of the litigation, that the federal court has authority to hear the case.[1] Therefore, the plaintiff bears the burden of showing that federal jurisdiction exists.

Plaintiff invokes this Court's original jurisdiction pursuant to 28 U.S.C.A. §1332, diversity citizenship. [Rec. Doc. 1, ¶1], and she further alleges that as a result

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

of the described accident, her damages are in excess of $75,000, exclusive of interest and costs. [Rec. Doc. 1, ¶14]. On the question of citizenship, Plaintiff asserts she is a resident of St. Martinville, Louisiana. [Rec. Doc. 1]. She alleges that the defendants are Jose Pineda, a resident of Texas; Mega Master's Transportation, LLC, a foreign limited liability company doing business within Texas; and Global Hawk Insurance Company, a foreign company doing business in California. [Rec. Doc. 1, ¶2]. Defendant Pineda has been dismissed for failure to effect service upon him. [Rec. Doc. 9]. The remaining defendants have acknowledged their status as described in the complaint, however, the information is sparse, and the undersigned is unable to determine whether diversity of citizenship exists among the parties based on the pleading.

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[2] The complaint alleges that the plaintiff is a Louisiana citizen and that the remaining defendants are foreign companies authorized to do business in Louisiana. One of the defendants appears to be a corporation. A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[3] The allegations in the petition are insufficient to

---

[2] *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[3] 28 U.S.C. § 1332(c)(1).

establish the citizenship of the defendant Global Hawk Insurance Company, indicating only that the company does business within the State of California. The Global Corporate Disclosure Statement provides no additional clarification. [Rec. Doc. 6].

As to Defendant Mega Master's Transportation, LLC, the information to establish citizenship is similarly lacking. A limited liability company (LLC) is a citizen of every state in which any member of the company is a citizen,[4] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[5] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[6] If any one of the members is not diverse, the company is not diverse. The absence of this critical information in the pleadings prevents the undersigned from being able to determine whether the parties are actually diverse in citizenship, as alleged.

---

[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[5] *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

[6] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members). See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

Accordingly,

IT IS ORDERED that, not more than twenty-one days after the date of this order, Plaintiff shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship. These facts should be supported with summary-judgment-type evidence. The defendants will have seven days to respond to Plaintiff's submission.

Signed at Lafayette, Louisiana, this 22nd day of July, 2014.

_____
Patrick J. Hanna
United States Magistrate Judge